UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DON D. LOVELL, <br><br>   Plaintiff, <br><br>   vs. <br><br> SUPERIOR COURT OF STATE WASHINGTON FOR BENTON AND FRANKLIN COUNTY EMPLOYEE'S, <br><br>   Defendants. | NO.  CV-06-5031-FVS <br><br> ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE <br><br> **1915(g)** |

By Order filed June 28, 2006, the court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss.  Plaintiff had initiated this action while a prisoner at the Washington State Penitentiary, but was subsequently released.  The court cautioned Plaintiff that failure to comply with its directive would result in dismissal of this action for failure to state a claim upon which relief may be granted.  Plaintiff has filed nothing further in this action.

Specifically, in his complaint Plaintiff failed to present a causal connection between named defendants and the conduct of which he complains.  *See Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992).  Furthermore, the only named Defendant, "Superior Court of State Washington for Benton and Franklin Counties Employee's," is not

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE -- 1

a "person" subject to § 1983 liability. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989)(holding that "'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).  Although granted the opportunity to do so, Plaintiff did not amend his complaint to state a claim upon which relief may be granted.

 Accordingly, for the reasons set forth above and in the Order to Amend or Voluntarily Dismiss Complaint (Ct. Rec. 11), **IT IS ORDERED** the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

 Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims**.

 **IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Plaintiff at his last known

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE -- 2

address, enter judgment, and close the file.  The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division.

**DATED** this  28th  day of September 2006.

                    s/ Fred Van Sickle
                    FRED VAN SICKLE
              UNITED STATES DISTRICT JUDGE

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE -- 3